NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10515 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01753-JGZ |
| v. | |
| ALAN JAMES JUAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Alan James Juan appeals his conviction for misdemeanor extreme driving

under the influence ("DUI") in violation of 18 U.S.C. §§ 13 and 1152, and Ariz.

Rev. Stat. § 28-1382(A)(2), and the $84,425.51 order of restitution imposed

following his conviction for this and related offenses. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we vacate and remand in part, and affirm in part.

Juan contends, and the Government concedes, that the district court did not have subject matter jurisdiction over the DUI charge because at the time of Juan's conviction in federal court, he had already been convicted of a DUI in tribal court based on the same conduct. We agree. *See* 18 U.S.C. § 1152; *United States v. Bruce*, 394 F.3d 1215, 1221 (9th Cir. 2005) ("Congress has statutorily forbidden a successive prosecution in federal court brought pursuant to § 1152 after the tribe has imposed punishment for the offense."). Thus, we remand to the district court to strike Juan's conviction and sentence for the DUI and dismiss count four of the indictment.

Juan contends that the district court erred by ordering the full amount of restitution. We review for abuse of discretion. *See United States v. Fu Sheng Ko*, 620 F.3d 1158, 1162 (9th Cir. 2010).[1] The record shows that the district court considered Juan's financial circumstances and future ability to pay, and we

---

[1] The district court concluded that restitution was not mandatory in this case because none of Juan's crimes of conviction qualified as a crime of violence. *See* 18 U.S.C. § 3663A(c)(1)(A) (making restitution mandatory for certain offenses, including crimes of violence). Because the government does not challenge that conclusion on appeal, we assume without deciding that restitution was discretionary in this case.

conclude that the district court did not abuse its discretion in imposing the restitution order. *See United States v. Mills*, 991 F.2d 609, 611 (9th Cir. 1993) (the record must reflect that the district court had access to information regarding defendant's resources and contain some indication that the district court gave thought to the relevant information).

Juan further contends the district court failed to order restitution within 90 days of the sentencing hearing, as required by 18 USC § 3664(d)(5), rendering the restitution order invalid. "[B]ecause the procedural requirements of section 3664 were designed to protect victims, not defendants, the failure to comply with them is harmless error absent actual prejudice to the defendant." *United States v. Moreland*, 622 F.3d 1147, 1173 (9th Cir. 2010). Juan cites no prejudice resulting from the delay in entering the restitution order, and we conclude the district court's failure to comply with the 90-day time limit was harmless. *See id.*

Finally, Juan contends the restitution order is invalid because he was not present at the restitution hearing in violation of his constitutional and statutory rights. Juan cites no prejudice resulting from his absence from the hearing. Even if Juan's absence at the restitution hearing violated his statutory or constitutional rights, we conclude that there is no reasonable possibility that prejudice resulted

16-10515

from the error by the district court, and any such error was harmless beyond a reasonable doubt.  *See United States v. Marks*, 530 F.3d 799, 812-13 (9th Cir. 2008) (stating standards of review and concluding defendant's absence at restitution hearing was harmless error).

**VACATED and REMANDED in part; AFFIRMED in part.**